UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TERANCE M. TOWNS, SR.**                                                                                              **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 3:25-CV-489-JHM**

**ELIZABETHTOWN SHERIFFS DEPT.,** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**I.**

Plaintiff Terance M. Towns, Sr., filed this action against the Elizabethtown Sheriff's Department, Elizabethtown Sheriff's Department Officer Daniel Shumate, Elizabethtown Sheriff/Court Bailiff John Howe, Hodgenville Sheriff's Department Officer Bryce Shumate, and Hardin District and Family Court Judges Hall, Shumate, and Shaw in their individual and official capacities.[1] Plaintiff asserts violations of the First Amendment "for retaliation" and "for defamation of character," the Eighth Amendment for "cruel and unusual punishment and wrongfully imprisoned," and the Fourteenth Amendment for "racism and discrimination." [DN 1].

---

[1] For purposes of this initial review, the Court assumes that Plaintiff intends to sue the Hardin County Sheriff's Department (instead of the "Elizabethtown Sheriff's Department") and officers Daniel Shumate and John Howe, as well as Hodgenville Police Department (instead of Sheriff's Department") Officer Bryce Shumate. Additionally, Plaintiff does not state if he is suing Defendants in their individual and official capacities. When a complaint is ambiguous regarding capacity, the Court must look to the "course of proceedings[,]," *i.e.*, "the nature of the plaintiff's claims [and] requests for compensatory or punitive damages" to determine "whether the defendant had actual knowledge of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001). Looking at the nature of Plaintiff's claims and his request for punitive damages, the Court concludes that Plaintiff has put Defendants on sufficient notice that they are exposed to individual liability. Thus, the Court will analyze the claims as brought against Defendants in both their official and individual capacities.

First, Plaintiff states that on September 30, 2024, he was in the lobby of the courthouse when he was approached by Defendant Howe and "accused of being there to shoot the courthouse up." [DN 1].

Second, Plaintiff alleges that on June 25, 2025, he was targeted in his bank "trying to deposit a racism and discrimination check." He further asserts that at that time:

> I began getting racial profiled by Bryce Shumate and the Bank tellers because the check was $2000. Bryce Shumate illegally called his son Daniel Shumate to check my name for warrants in retaliation for his wife Judge Shumate, whom I've made several reports to the Judicial misconduct commission. I was retaliated against due to the recordings I have.

[DN 1]. Plaintiff represents that Defendant Judge Shumate's husband is Defendant Bryce Shumate who works as a guard in the bank, and during the June 2025 incident, Defendant Bryce Shumate called his son Defendant Daniel Shumate, an officer with the Hardin County Sheriff's Department, to "illegally arrest me for warrants that I really didn't have." Plaintiff contends that these Defendants are "not removing things off my record trying to put me in jail to silence me on my lawsuits." [DN 10].

A search of the Kentucky Court of Justice website[2] provided a copy of a uniform citation that states that on June 25, 2025, a Magnolia Bank security officer called Defendant Daniel Shumate and "stated there was a male inside of the bank at the time who was causing a disturbance" and the "officer advised that he believed the male had a warrant." *Commonwealth v. Towns*, Criminal Action No. 25-F-624. Defendant Daniel Shumate investigated and determined that Plaintiff had two warrants. Prior to law enforcement's arrival, Plaintiff fled on foot. Upon arriving at the bank, Defendant Daniel Shumate located Plaintiff behind a nearby church. The uniform citation indicates that when Plaintiff

---

[2] The Kentucky Court of Justice online court records are available at https://kcoj kycourts net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), and of "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

observed the officer approaching, he "took off" running and was subsequently detained by the officer. While inside the officer's cruiser, Plaintiff threatened the officer and his family. Plaintiff was charged with second and third degree fleeing or evading police, resisting arrest, and terroristic threatening. The current state court criminal action is pending.

In a separate document filed in this case on September 2, 2025, Plaintiff further expands on the allegations in his complaint. Plaintiff asserts that he is being retaliated against for filing lawsuits and for "having these recordings of the sheriff's/judge's doing all these illegal things to me in an open CPS case." [DN 10]. Specifically, he alleges that Judge Hall "is retaliating by trying to place me and my child mother in contempt in court for an illegal order that he put on us to separate our family." Plaintiff maintains that Judge Hall is "trying to give me 90 days and gave my child mother 30 days." Plaintiff argues that neither he nor his child's mother should be punished because he claims he was racially profiled in his bank. Plaintiff further alleges that Defendant Hall is threatening him and his child's mother with taking their one-year-old son away and placing him up for adoption. Plaintiff also represents that the Defendant Judges also evicted him from his home in retaliation for his conduct.

As relief, Plaintiff seeks monetary damages and various forms of injunctive/declaratory relief, including: "immediate legal help or advocacy - review and acknowledgement of my recordings and evidence - exposure of alleged racial discrimination and legal misconduct - punishment for Judge Shumate, Judge Hall, Judge Shaw, John Howe, Bryce Shumate, and Daniel Shumate - and all charges cleared." [DN 1].

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on*

3

*other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendants Judges Hall, Shumate, and Shaw**

***1. Official-Capacity Claims for Damages***

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants Hall, Shumate, and Shaw are state employees. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from state employees in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants Hall, Shumate, and Shaw for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### *2. Official-Capacity Claims for Injunctive Relief*

Plaintiff's demand for injunctive relief in the form of "immediate legal help or advocacy" and "all charges cleared" must be dismissed. While the Supreme Court in *Ex parte Young* recognizes that there is an exception to Eleventh Amendment immunity for actions for prospective relief to end a continuing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908), the Court does not have the authority to grant the type of relief requested. Here, ordering a government official to provide immediate legal help or advocacy or to clear all Plaintiff's charges is not relief that falls within the *Ex parte Young* exception. *See, e.g.*, *Block v. Canepa*, 74 F.4th 400 (6th Cir. 2023).

### *3. Individual-Capacity Claims against Defendants Hall, Shumate, and Shaw*

Plaintiff's individual-capacity claims against Defendants Hall, Shumate, and Shaw are subject to dismissal as well because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Thus, because Plaintiff's complaint pertains only to actions or inactions taken by Defendants Hall, Shumate, and Shaw in their judicial capacity and within their jurisdictional authority, Plaintiff's individual-capacity claims against them are barred by judicial immunity.

### B. Law Enforcement Defendants

#### 1. *Hardin County Sheriff's Office, Hodgenville Police Department, and Official-Capacity Claims*

The Hardin County Sheriff's Office and the Hodgenville Police Department are not "persons" subject to suit under § 1983 because county and municipal departments, such as sheriff and police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Hardin County and the city of Hodgenville are the proper defendants. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant Hardin County Sheriff's Office and the Hodgenville Police Department as a claim brought against Hardin County and the City of Hodgenville respectively. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

Moreover, Plaintiff sues the Law Enforcement Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 6 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Daniel Shumate and Howe are actually against their employer, Hardin County. Similarly, in as much as Plaintiff is suing Defendant Bryce Shumate in his official capacity as a law enforcement officer, that claim is against his employer, the City of Hodgenville.

When a § 1983 claim is made against a county or municipality, such as Hardin County or the City of Hodgenville, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a county or municipality cannot be held responsible for a constitutional

deprivation unless there is a direct causal link between a policy or custom of the government entity and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691 n.55; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that his constitutional rights were violated due to a policy or custom of Hardin County or the City of Hodgenville. Thus, Plaintiff's claims against Hardin County or the City of Hodgenville must be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Individual-Capacity Claims*

#### a. Eighth Amendment Claims

To the extent that Plaintiff is claiming that the Law Enforcement Defendants violated his Eighth Amendment rights, his claims fail. "The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime." *Pouncy v. Bush*, No. 1:23-CV-280, 2023 WL 3243476, at *7 (W.D. Mich. May 4, 2023); *see also City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983) ("Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt."). Because Plaintiff had not been convicted and sentenced of fleeing or evading police, resisting arrest, and terroristic threatening in *Commonwealth v. Towns*, Criminal Action No. 25-F-624, at the time of the actions of the Law Enforcement Defendants, Plaintiff's claims under the Eighth Amendment must be dismissed for failure to state a claim upon which relief may be granted.

#### b. First Amendment Defamation Claims

In Plaintiff's complaint in response to the question "what federal constitutional . . . rights do

you claim is/are being violated by state or local officials," Plaintiff states "First Amendment for defamation of character." In as much as Plaintiff alleges that the Law Enforcement Defendants defamed him, he fails to state a claim upon which relief may be granted under § 1983. "Defamation and similar claims are matters of state law and do not involve the violation of rights secured by the federal Constitution or the laws of the United States." *Smith v. Penman*, No. 2:20-CV-12052, 2021 WL 634733, at *4 (E.D. Mich. Feb. 18, 2021); *see also Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Paul v. Davis*, 424 U.S. 693, 712–13 (1976) (defamation claim not cognizable under § 1983); *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("Civil Rights Act does not give rise to a cause of action for slander"); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 775 (M.D. Tenn. 2009) (claims for libel and slander are not cognizable under § 1983); *Harper v. (Unknown) Arkesteyn*, No. 19-1928, 2020 WL 4877518, *2 (6th Cir. April 28, 2020) ("§ 1983 does not provide redress solely for state law violations such as defamation"). As such, Plaintiff's First Amendment Defamation claims must be dismissed for failure to state a claim upon which relief may be granted.

### c. First Amendment Retaliation Claims

Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v.*

*Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that at the Magnolia Bank "Bryce Shumate illegally called his son Daniel Shumate to check my name for warrants in retaliation for his wife Judge Shumate, whom I've made several reports on to the judicial misconduct commission. I was retaliated against due to the recordings I have." [DN 1 at 4]. Plaintiff maintains that he "really didn't have" the warrants. [DN 10 at 2]. Plaintiff further alleges that he has suffered retaliation "for filing lawsuits and having these recordings of the sheriff's/judge's doing all these illegal things to me in an open CPS case." [*Id.* at 1]. Plaintiff appears to allege that the call from bank security, investigation into Plaintiff's alleged outstanding warrants, and his subsequent arrest for fleeing, resisting arrest, and terroristic threatening were adverse actions taken because he engaged in protected conduct.

Because the Court cannot discern at this stage of the litigation whether the outstanding warrants were valid, whether a judicial determination of probable cause related to Plaintiff's arrest has occurred, or whether Defendant Bryce Shumate was acting "under color of law" at the time of his actions, the Court cannot determine whether Plaintiff's claims rise to the level of a constitutional violation against Bryce and Daniel Shumate on initial review. Accordingly, the Court will allow Plaintiff's First Amendment retaliation claims to proceed against Defendants Bryce and Daniel Shumate in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

With respect to Defendant Howe, Plaintiff does not articulate an adverse action suffered by Plaintiff at the hands of the bailiff. As such, Plaintiff's First Amendment retaliation claim against Defendant Howe will be dismissed.

### d. Fourteenth Amendment Equal Protection Claims

Plaintiff asserts that he was "racially profiled" in his bank while trying to deposit a check and that Defendant Bryce Shumate's subsequent call to his son and Plaintiff's subsequent arrest violated his rights under the Equal Protection Clause of the Fourteenth Amendment. [DN 10 at 2].

Upon consideration, <u>the Court will allow Plaintiff's § 1983 Fourteenth Amendment Equal Protection Clause claims to continue against Defendants Bryce and Daniel Shumate in their individual capacities</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

With respect to Defendant Howe, Plaintiff does not allege racial profiling by Defendant Howe at the courthouse. As such, Plaintiff's Fourteenth Amendment Equal Protection claim against Defendant Howe will be dismissed.

### 3. *Criminal Charges*

Plaintiff requests that Defendants be punished for their conduct. In as much as Plaintiff is requesting that criminal charges be brought against Defendants, this relief cannot be granted. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Therefore, because Plaintiff is a private citizen and cannot bring criminal charges, any such claims must be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. The Court will allow Plaintiff's First Amendment retaliation claims and Fourteenth Amendment Equal Protection claims to proceed against Defendants Bryce and Daniel Shumate in their individual capacities.

2. Plaintiff's claims against the Hardin County Sheriff's Office ("Elizabethtown Sheriff's Department"), Defendant Bailiff John Howe, Hodgenville Police Department ("Hodgenville Sheriff's Department"), and District and Family Court Judges Hall, Shumate, and Shaw in their individual and official capacities, and his injunctive-relief claims for "immediate legal help or advocacy," "punishment for Judge Shumate, Judge Hall, Judge Shaw, John Howe, Bryce Shumate, and Daniel Shumate," and "all charges cleared" are **DISMISSED** for failure to state a claim upon which relief may be granted.

3. The Clerk of Court is **DIRECTED** to terminate the Elizabethtown Sheriff's Department, Howe, Hall, Shumate, and Shaw in their individual and official capacities as parties to this action.

4. The Court will issue a separate Order to govern the remaining claims.

Date: December 11, 2025

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
4414.014